## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS SANCHEZ, on behalf of himself and all others similarly situated,<br><br>            Plaintiff(s),<br><br><br>            -against-<br><br>HUNTER WARFIELD, INC.,<br><br>            Defendant(s). | Civil Case Number: _____<br><br><br>**<u>CIVIL ACTION</u>**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## <u>LOCAL CIVIL RULE 10.1 STATEMENT</u>

1.     The mailing addresses of the parties to this action are:

ALEXIS SANCHEZ
PO Box 5852
Clark, New Jersey 07066

HUNTER WARFIELD, INC.
4620 Woodland Corporate Boulevard
Tampa, Florida 33614

## <u>PRELIMINARY STATEMENT</u>

2.     Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, HUNTER WARFIELD, INC. ("HUNTER WARFIELD") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      HUNTER WARFIELD maintains a location at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

8.      HUNTER WARFIELD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      HUNTER WARFIELD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from HUNTER WARFIELD, which asserted that interest at the rate of 6% was accruing on the debt it was attempting to collect and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP

Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

i. Whether the Defendants violated various provisions of the FDCPA;

ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to July 6, 2021, Plaintiff allegedly incurred a financial obligation to LAMBERTS MILL VILLAGE ASSOCIATES ("LAMBERTS MILL VILLAGE") - a residential landlord and/or apartment provider.

19.     The LAMBERTS MILL VILLAGE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the LAMBERTS MILL VILLAGE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The LAMBERTS MILL VILLAGE obligation did not arise out of a transaction that was for non-personal use.

22.     The LAMBERTS MILL VILLAGE obligation did not arise out of a transaction that was for business use.

23.     The LAMBERTS MILL VILLAGE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     LAMBERTS MILL VILLAGE and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before July 6, 2021, the LAMBERTS MILL VILLAGE obligation was referred to HUNTER WARFIELD for the purpose of collection.

26.     HUNTER WARFIELD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

27.     Defendants caused to be delivered to Plaintiff a letter dated July 6, 2021, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The July 6, 2021 letter was sent to Plaintiff in connection with the collection of the LAMBERTS MILL VILLAGE obligation.

29.     The July 6, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     Upon receipt, Plaintiff read and relied on the statements contained the July 6, 2021 letter.

31.     The July 6, 2021 letter provided the following information regarding the balance claimed due on the LAMBERTS MILL VILLAGE obligation:

| | |
|---|---|
| Interest | $327.68 |
| Balance Due | $2,349.36 |

32.    The July 6, 2021 letter stated in part:

> As of the date of this letter you owe $2,349.36. **Because of interest at the rate of 6.00%, the amount due on the day you pay may be greater.** Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff. [emphasis added]

> THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

33.    HUNTER WARFIELD made other collection attempts against Plaintiff within one year of the filing of the Complaint which demanded or included interest at the rate of 6.00%.

34.    As of the date of the July 6, 2021 letter, LAMBERTS MILL VILLAGE did not have the right or authority to assess 6.00% interest on the LAMBERTS MILL VILLAGE obligation.

35.    HUNTER WARFIELD knew or should have known that its actions violated the FDCPA.

36.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

37.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)     Making a false representation of the character, amount legal status of the debt.

38.     Defendants sent written communications in the form annexed hereto as **<u>Exhibit A</u>** to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## <u>COUNT I</u>

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

39.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41.     Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

42.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to interest.

43.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the LAMBERTS MILL VILLAGE obligation could increase due to interest.

44.     Defendants' representation that the amount due could increase due to interest when in fact the amount due could not increase legally or otherwise violated various provisions

of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

45.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

46.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

47.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest.

48.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance was subject to increase due to the assessment of  interest at the rate of 6.00%.

49.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

50.    Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

51.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

52.    Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest.

53.    As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

54.    Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

55.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by interest without the legal or contractual authority to do so.

56.     As described herein, Defendants violated 15 U.S.C. § 1692e(5).

57.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58.     Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to interest without the legal or contractual authority to do so.

59.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

60.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

61.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

65.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

      (b)     Awarding Plaintiff and the Class statutory damages;

      (c)     Awarding Plaintiff and the Class actual damages;

      (d)     Awarding pre-judgment interest;

      (e)     Awarding post-judgment interest.

      (f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 14, 2021           Respectfully submitted,

                By:    *s/ Joseph K. Jones*
                      Joseph K. Jones, Esq. (JJ5509)
                      JONES, CHULSKY & KESSLER, LLC
                      330 Mounts Corner Drive, Suite 417
                      Freehold, NJ 07728
                      Phone: (877) 827-3395
                      Fax: (877) 827-3394
                      *Attorneys for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 14, 2021

<div style="margin-left: 40%">

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

</div>

# EXHIBIT

# A



**HUNTER**
WARFIELD

4620 Woodland Corporate Blvd
Tampa, FL 33614
Toll Free 866-494-9902

July 06, 2021



ALEXIS SANCHEZ

| | |
|---|---|
| Original Creditor Name | LAMBERTS MILL VILLAGE ASSOCIAT |
| Current Creditor Name | LAMBERTS MILL VILLAGE ASSOCIATES |
| Current Creditor Address | 820 MORRIS TURNPIKE 301 SHORT HILLS, NJ, 07078 |
| Creditor Account # | |
| Hunter Warfield Account # | |
| Interest | $327.68 |
| Balance Due | $2,349.36 |

Enclosed is verification of the debt.

As of the date of this letter you owe $2,349.36. Because of interest at the rate of 6.00%, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff.

Should you need to contact me for any reason, I can be reached by dialing 866-494-9902. Hours of operation M-Th 8am-8pm F 8am-7pm EST.

Sincerely,
Hunter Warfield, Inc.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

**TO ALL CONSUMERS -** Notice about Electronic Check Conversion: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.